This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                    **NO. 29,359**

**MELISSA JOHNSON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant was convicted of embezzlement over $500. We proposed to affirm in a calendar notice, and Defendant responded with a memorandum in opposition.

We have considered Defendant's arguments, but we are not persuaded that our proposed disposition is incorrect. We therefore affirm.

Defendant was originally charged with embezzlement over $2500, but the district court directed a verdict as to that amount. Defendant was convicted of the lesser included offense of embezzlement over $500. Defendant continues to claim that the evidence was insufficient to support her conviction. In our calendar notice, we pointed out that evidence was presented that three different customers had paid in cash for windshield replacements. The State relied on testimony from those customers, as well as testimony from a manager that the computer records showed a number of invoices had been voided and/or cancelled and Defendant handled the sales in connection with most of those invoices. In addition, the State relied on evidence regarding missing inventory, and a surveillance tape showing one transaction between a customer and Defendant, and other actions by Defendant that the manager believed were suspicious.

As stated in our calendar notice, embezzlement occurs when a person converts for their own use something of value that has been entrusted to that person, and does so with fraudulent intent to deprive the owner of the thing of value. *See* NMSA 1978, § 30-16-8 (2007). The elements of the crime can be established by both direct or circumstantial evidence. *See State v. Kent*, 2006-

3

NMCA-134, ¶10, 140 N.M. 606, 145 P.3d 86. Here, there was sufficient evidence to show that Defendant embezzled over $500 while working for her employer. Athough Defendant points to conflicting evidence and inferences in support of her argument that there was insufficient evidence to support her conviction, we view the evidence in the light most favorable to the conviction, and we resolve all conflicts and indulge all reasonable inferences in favor of the conviction. *See State v. Apodaca*, 118 N.M. 762, 765-66, 887 P.2d 756, 759-60 (1994).

Defendant continues to argue that the district court erroneously admitted other invoices that were not supported by testimony from customers, including a number of invoices for windshield chip repair and two invoices for windshield repair. [MIO 8-9] Defendant claims that the volume of evidence impermissibly admitted by the district court did not amount to harmless error. Defendant argues that the evidence was irrelevant, prejudicial, and caused the jury to infer that Defendant was guilty of embezzlement with respect to the additional invoices. Defendant states that, "[t]his created the appearance that the State had much more evidence than it really did." [MIO 8]

As discussed in our calendar notice, the additional invoices were admitted before the district court directed a verdict on the charge of embezzlement over $2500. We will not reverse a ruling on admission of evidence unless it is clear that

4

the district court abused its discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. In addition, admission of the evidence is harmless if there is no reasonable possibility that the evidence might have contributed to Defendant's conviction. *See State v. McClennen*, 2008-NMCA-130, ¶ 13, 144 N.M. 878, 192 P.3d 1255. As previously discussed in our calendar notice, application of the three-part test in *McClennen* demonstrates that admission of additional invoices was harmless because: (1) there was sufficient evidence to support Defendant's conviction without reliance on the additional invoices; (2) there was much more evidence in support of the three occurrences of embezzlement totaling over $500 in comparison with the additional invoices that might have been used to support additional embezzlement charges, and therefore, the evidence of the additional invoices was so minuscule that it could not have contributed to Defendant's conviction; and (3) the conflicting evidence presented by Defendant was not sufficient to discredit the State's evidence in support of the embezzlement charge over $500. *Id.*

For the reasons discussed above and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

5

_____

         **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**ROBERT E. ROBLES, Judge**